| t CANNIZZARO, J.,
concurs in part and dissents in part with reasons.
I concur in the result reached by the majority with respect to the issues of liability, disability benefits, and medical treatment, because I do not think that the decision of the workers’ compensation judge on these issues was clearly wrong or manifestly erroneous. I must dissent from the majority on the award of attorneys’ fees and penalties, however, because I think that the workers’ compensation judge’s decision relating to this award was manifestly erroneous and clearly wrong.
La. R.S. 23:1201(F)(1) provides, in relevant part, that the statutory provision for penalties and attorneys’ fees “shall not *612 apply if the claim is reasonably controverted.” In this case there were no witnesses to Mr. Butler’s injury, and the only testimony regarding the injury was given by Mr. Butler, who could not even recall the exact date that he was injured. Although Mr. Butler took sick leave from his job approximately three weeks after the injury, he did not seek medical treatment for the injury. Instead, he waited until more than nine months after the injury to visit a physician regarding his back pain, which he claims resulted from the injury. Further, Mr. Butler did not report his injury to his employer until well after it occurred.
| ¡¿Based on the facts of this case, I believe that it was imminently reasonable for the employer in this case to controvert Mr. Butler’s claims. To award penalties and attorneys’ fees where an employer presents a number of credible arguments that a worker is not entitled to workers’ compensation benefits has a chilling effect on employers who wish to assert their rights in workers’ compensation court. Even though an employer may legitimately believe that an employee’s claim of work related injury is completely invalid, the employer will be reluctant to contest the employee’s claim, because if the employee prevails in the workers’ compensation court, the employer risks becoming liable for penalties and attorneys’ fees. The employer in this case “reasonably controverted” Mr. Butler’s claim and should not be liable for attorneys’ fees and penalties.